21-2304-cr
*United States v. Lauria (Rodriguez)*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of June, two thousand twenty-three.

PRESENT:
> PIERRE N. LEVAL,
> REENA RAGGI,
> MYRNA PÉREZ,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

      *Appellee,*

    v.

ANTHONY LAURIA,                    No. 21-2304-cr

      *Defendant,*

BRIAN RODRIGUEZ,

      *Defendant-Appellant.*

_____

APPEARING FOR DEFENDANT-APPELLANT: Bernard Kleinman, Law Office of Bernard V. Kleinman, PLLC, Somers, New York.

APPEARING FOR APPELLEE:    Lindsey Keenan, Assistant United States Attorney (Karl Metzner, Assistant United States Attorney, *on the brief*) *for* Damian Williams, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Nelson S. Román, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on July 16, 2021, is **AFFIRMED**.

Defendant Brian Rodriguez pleaded guilty to one count of conspiracy to commit Hobbs Act robbery, wire fraud, and interstate transportation of stolen goods and one count of brandishing a firearm during and in relation to a crime of violence and aiding and abetting the same based primarily on his participation in two armed robberies of Verizon Wireless stores. *See* 18 U.S.C. §§ 371, 924(c)(1)(A)(ii) & 2. Sentenced to a total prison term of 132 months, Rodriguez appeals his § 924(c) firearm conviction, arguing that (1) his trial counsel provided ineffective assistance; and (2) the district court erred in accepting his plea, which lacked a sufficient basis in fact. We assume the parties' familiarity with the facts and record of the underlying proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Ineffective Assistance of Counsel Claim

Rodriguez argues that his trial counsel was ineffective for failing to investigate whether the gun used in the commission of the subject robberies was a "firearm" within the meaning of § 924(c), as opposed to, for instance, a toy gun or BB gun. *See* 18 U.S.C. § 921(a)(3) (defining "firearm"). The Supreme Court has confirmed that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel," *Hill v. Lockhart*,

2

474 U.S. 52, 58 (1985), which requires a defendant to demonstrate both that his attorney's "representation fell below an objective standard of reasonableness" and that these deficiencies were "prejudicial to the defense," *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). "To satisfy the second prong of *Strickland* in the context of plea negotiations, the defendant must show that there is a reasonable probability that were it not for counsel's errors, he would not have pled guilty and would have proceeded to trial." *United States v. Arteca*, 411 F.3d 315, 320 (2d Cir. 2005).

Rodriguez contends that a reasonably competent attorney would have conducted the above-described investigation and thereby uncovered evidence that the gun in question was not a "firearm." Rodriguez maintains that if he had been aware of such evidence, he would not have pleaded guilty to the § 924(c) charge given its harsh mandatory consecutive sentence. *See* 18 U.S.C. § 924(c)(1)(A)(ii) (providing mandatory 7-year prison term to run consecutively to term imposed on underlying violent crime); *see also Hill v. Lockhart*, 474 U.S. at 59 ("[W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea.").

We decline to consider this argument on direct appeal. As the Supreme Court has instructed, "in most cases a motion brought under [28 U.S.C.] § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." *Massaro v. United States*, 538 U.S. 500, 504 (2003). As we explained in *United States v. Salameh*, 152 F.3d 88 (2d Cir. 1998), this is because the constitutional sufficiency of counsel in the district court proceeding is "usually unripe" for

3

review on appeal, *id.* at 160. Counsel in the trial court rarely accuse themselves of constitutional inadequacy; accordingly, the trial court proceedings usually do not contain a record on this issue that would be adequate for review on appeal. This court has therefore held that "[w]e may entertain an ineffective assistance of trial counsel claim on direct appeal in a narrow category of cases where: (1) . . . the defendant has a new counsel on appeal; and (2) argues no ground of ineffectiveness that is not fully developed in the trial record." *United States v. Gahagen*, 44 F.4th 99, 107 (2d Cir. 2022) (internal quotation marks omitted). While Rodriguez does have new counsel on appeal, the record before this court is bereft of any reference to potential exculpatory evidence or to what, if any, investigatory efforts were made by Rodriguez's trial counsel as to the charged firearm. Indeed, Rodriguez's appellate counsel confirmed as much at oral argument. *See* Oral Arg. Tr. 5:9–12 (confirming there exists no "evidence that [trial] counsel had not satisfied himself that [gun in question] was a firearm").

Rodriguez's ineffective assistance claim thus does not fall within the "narrow category" of claims that can be resolved on direct appeal, *United States v. Gahagen*, 44 F.4th at 107, and we decline to address it.

2.      Fed. R. Crim. P. 11(b) Claim

Rodriguez argues that his guilty plea to the § 924(c) charge was not supported by the evidence because Rodriguez did not personally brandish the gun in question, and he cannot be guilty of that substantive crime on the theory of co-conspirator culpability recognized in *Pinkerton v. United States*, 328 U.S. 640 (1946). *See* Fed. R. Crim. P. 11(b)(3). Because Rodriguez did not raise a Rule 11 objection to his plea before the district court, our review is limited to plain

error.  *See United States v. Adams*, 955 F.3d 238, 245 (2d Cir. 2020).   We find no error, plain or otherwise.

Rodriguez was not charged with a § 924(c) violation based on a *Pinkerton* theory; rather, Rodriguez was charged as an aider-and-abettor.  *See* 18 U.S.C. § 2.   "An active participant in a [crime of violence] has the intent needed to aid and abet a § 924(c) violation when he knows that one of his confederates will carry a gun."  *Rosemond v. United States*, 572 U.S. 65, 77 (2014).  Accordingly, when Rodriguez allocuted before the district court that he "conspired together with Anthony Lauria and Anthony Molina in robbing a cell phone store in Mahopac, New York," that he "knew that a firearm would be used in furtherance of the conspiracy," and that "a firearm was, in fact, brandished during the robbery," App'x 97, he supplied a sufficient factual basis for his conviction under §§ 924(c) and 2.

3.    Conclusion

We have considered Rodriguez's remaining arguments and reject them as without merit. Accordingly, the judgment of conviction entered by the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5